UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE VENABLE, | No. 2:24-cv-00133-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| ST. ANDRE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983. In addition, plaintiff has filed an application for leave to proceed in forma pauperis.[1] ECF Nos. 2, 4.

I. **Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

1

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)). Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios." *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

1  678.

2  Furthermore, a claim upon which the court can grant relief must have facial plausibility.
3  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
4  content that allows the court to draw the reasonable inference that the defendant is liable for the
5  misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
6  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
7  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
8  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

9  **III.    Screening Order**

10     A.  *Allegations of the Complaint.*

11  Plaintiff alleges that defendants Robles and Ernst, correctional officers at High Desert
12  State Prison ("HDSP"), subjected him to discipline when he refused to share a cell with an inmate
13  who plaintiff believed presented "a potential danger to my program."  ECF No. 1 at 2.  As a result
14  of the disciplinary action, plaintiff was assessed "90 days loss of credit."  *Id.*  In addition,
15  defendant Lieutenant Harwood took away plaintiff's yard privileges, even though this sanction
16  was not available for a first offense, per prison regulations.  *Id.* at 5.

17  Plaintiff further alleges that "C.C.C."[2] and HDSP have denied him his "right to transfer"
18  in retaliation for his litigation activities.  He holds "Warden Susan Perry and St. Andre
19  responsible for the denial of my transfer[.]"  *Id.* at 8.

20     B.  *Analysis*

21  Because success on plaintiff's claim that he was wrongfully disciplined would invalidate
22  the revocation of time credits and therefore shorten plaintiff's sentence, plaintiff must show that
23  the disciplinary finding has been invalidated (for example, through the granting of a petition for
24  writ of habeas corpus or the prison's administrative processes) before he can proceed with a

---

[2] A search of the California Department of Corrections and Rehabilitation's website reveals that the department previously operated an institution called California Correctional Center, commonly referred to as CCC, but that this prison was deactivated in June 2023. https://www.cdcr.ca.gov/facility-locator/ccc/ (last visited May 13, 2024).  Suzanne Peery (perhaps identified in this complaint as "Susan Perry") was the most recent warden of CCC.  The court presumes that plaintiff refers to this institution in his complaint.

section 1983 claim. *Hebrard v. Nofziger*, 90 F.4th 1000, 1004 (9th Cir. 2024). Plaintiff has not alleged that the disciplinary action has been invalidated, and thus his claims against defendants Ernst and Robles must be dismissed without prejudice; plaintiff may raise these issues in a petition for writ of habeas corpus. In addition, the court will give plaintiff the opportunity to file an amended complaint alleging that the disciplinary action has been overturned such that success on this claim would not invalidate the revocation of his good conduct credits.

Plaintiff's claim against defendant Harwood must also be dismissed. Plaintiff alleges that Harwood violated a state prison regulation or policy, but such a violation does not support a federal right of action. *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action). And, to the extent that plaintiff believes that Harwood violated his federal constitutional rights by depriving him of yard access, he has failed to allege sufficient facts to support such a claim because he has not alleged the duration of the deprivation of yard access or whether he had other access to outdoor exercise. *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (as amended) (deprivation of outdoor exercise for an extended period of time may violate the Eighth Amendment).

Lastly, plaintiff's claim against defendants St. Andre and Perry regarding his "right to transfer" must be dismissed. Plaintiff has no federal constitutional right to be transferred to the prison of his choice. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's transfer decisions). To the extent that plaintiff alleges that the transfer denial was in retaliation for his litigation activities in violation of the First Amendment, plaintiff has failed to allege facts showing that St. Andre and Perry (1) were personally involved in the transfer decision, (2) were motivated by plaintiff's litigation activities, and (3) lacked a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (to state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

*C.  Leave to Amend.*

The court will grant plaintiff an opportunity to file an amended complaint to attempt to cure the defects identified in this order.

Any amended complaint must comply with Federal Rule of Civil Procedure 8(a)'s direction to state each claim in a short and plain manner.  The amended complaint must contain facts – not legal conclusions – supporting each element of the claims alleged.

Any amended complaint must not join unrelated claims.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant.  Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Unrelated claims against different defendants must therefore be pursued in separate lawsuits.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)." *Id*.

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

## IV. Summary of Order

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The complaint is dismissed with leave to file an amended complaint within 30 days of service of this order. The amended complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim and/or failure to prosecute.

Dated: July 22, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE