UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE VENABLE,<br><br>               Plaintiff,<br><br>     v.<br><br>ST. ANDRE, et al.,<br><br>               Defendants. | No. 2:24-cv-00133-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). The court dismissed the original complaint with leave to amend, ECF No. 5, and plaintiff has filed an amended complaint. ECF No. 7.

**I.  Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

1

This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)).  Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios." *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

2

plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## II.     Screening Order

Plaintiff alleges that he was subjected to discipline when he refused to share a cell with an inmate who came from "off the bus" and was not yet classified. ECF No. 7 at 6. As a result, plaintiff was assessed a forfeiture of 90 days of time credit. *Id.* at 7. He sues the hearing officer who assessed the credits loss, the correctional officers who issued the rules violation report, an unknown sergeant who refused to speak to him during the attempted housing assignment, and warden St. Andre for failing to adequately train his subordinates.

The amended complaint must be dismissed for the same reason as the original complaint. Success on plaintiff's claim that he was wrongfully disciplined would invalidate the revocation of time credits and therefore shorten plaintiff's sentence. Accordingly, plaintiff must show that the disciplinary finding has been invalidated (for example, through the granting of a petition for writ of habeas corpus or the prison's administrative processes) before he can proceed with a § 1983 claim. *Hebrard v. Nofziger*, 90 F.4th 1000, 1004 (9th Cir. 2024). Plaintiff has not alleged that the disciplinary action has been invalidated, and thus his claims must be dismissed without prejudice; plaintiff may raise these issues in a petition for writ of habeas corpus.

As the court has already provided plaintiff with an opportunity to allege that the disciplinary action has been invalidated, and the amended complaint includes no such allegation, the court finds that further leave to amend would be futile. *Williams v. California*, 764 F.3d 1002, 1018-19 (9th Cir. 2014) (affirming district court's finding that the "fact that Plaintiffs have already had two chances to articulate clear and lucid theories underlying their claims, and they failed to do so, demonstrates that amendment would be futile").

## III.    Order and Recommendation

Accordingly, it is ORDERED that the Clerk of Court randomly assign a district judge to this action. It is further RECOMMENDED that the amended complaint be dismissed without prejudice and without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

3

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 18, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE